UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WILLIAM M. HENRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 5:19-CV-466-WOB-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| KENTUCKY DEPT. OF CORRECTIONS, ) | & ORDER |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

*** *** *** ***

On November 26, 2019, the Court received a "Motion for Relief of Judgment" from Petitioner William M. Henry, proceeding *pro se*. D.E. 1. Because the motion requested relief from a state court judgment, the Court construed it as a motion for federal habeas relief under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases, Rule 1. Because the single-page motion did not contain adequate information to facilitate review, the Court ordered Henry to fill out the standard § 2254 petition form. D.E. 4. Henry later requested a second blank form and moved for appointment of counsel. D.E. 5. The Court denied the motion for counsel and sent Henry another blank § 2254 form. D.E. 6. On December 20, 2019, the Court received Henry's completed § 2254 petition form (D.E. 7), accompanied by a "Motion for Relief of Judgment" (D.E. 10). Henry also moved for leave to proceed *in forma pauperis* (D.E. 8) and provided a Certificate of Inmate Account (D.E. 9).

The Court recognizes that Henry is proceeding *pro se*, without the assistance of an attorney, and thus construes his petition liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

**I.**

Concerning Henry's *in forma pauperis* motion, 28 U.S.C. § 1915 provides that "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" *Id.* § 1915(a)(1). To gain such authorization, a filer must submit an affidavit that includes the following information: (1) a statement of all assets; (2) a statement averring inability to pay fees; (3) the nature of the action; and (4) a statement of belief regarding entitlement to redress. *Id.* Additionally, an inmate must submit a certified statement from the appropriate prison official showing the amount of money or securities held in any institutional account for that inmate. *See* Rules Governing Section 2254 Cases, Rule 3(a).

Henry has complied with the filing requirements of 28 U.S.C. § 1915(a) and Rule 3(a). He completed the standard in forma pauperis application form and provided sufficient financial background under penalty of perjury. Having reviewed the materials in full, the Court will grant this motion.

**II.**

According to his petition, in 1983, Henry pleaded guilty to "murder, burglary, robbery, and rape persistent felon," and received a life sentence. D.E. 7 at 1. Henry now argues that he is being illegally detained because his state judgments (from Kentucky and New Jersey) contain a "clerical" error, absent which he should have already been released. *Id.* at 5, 7. He did not appeal. *Id.* at 2. According to the petition, Henry also has not presented his claims to the state court system in the form of a post-conviction motion. Concerning exhaustion of his state

remedies, Henry states he has "notified both the [Department] of Corrections and the Post Conviction Branch." *Id.* at 9. He states that his claims were not "raised in the highest state court for lacking counsel and a misunderstanding of the law." *Id.* at 13. Based on the information contained in his petition form, Henry's claims must be dismissed because they are both unexhausted and untimely.

First, Henry's petition is subject to dismissal because he appears not to have satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process;
>
> or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted). Thus, the statute requires exhaustion of *court-provided* remedies. Lodging complaints with the DOC or the "Post Conviction Branch" does not suffice. Because Henrys's claims have not been presented to the highest court in the state of Kentucky, they are unexhausted.

Second, a one-year period of limitation applies to motions filed under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). This statute provides that the limitations period begins to run at the

latest of four dates, only one of which appears relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  And a "properly filed application for State post-conviction or other collateral review" tolls the limitations period while the properly filed application is pending.  28 U.S.C. § 2244(d)(2).

Here, Henry states his judgment was entered in 1983 and he did not appeal or file any post-conviction motions.  D.E. 7.  He provides no response to the petition form's question concerning timeliness.  *Id*. at 14.  It therefore appears that Henry's petition should be dismissed as untimely.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner a further opportunity to respond to "accord the parties fair notice and an opportunity to present their positions."  *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015).  "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard."  *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In this case, Henry will have the opportunity to address exhaustion and timeliness by filing any appropriate objections to this Recommended Disposition.[1]  The Sixth Circuit in *Shelton* recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement.  *Shelton*, 800 F.3d at 295.

---

[1] In addressing timeliness, Henry may include any argument that equitable tolling of the deadline is warranted under the standard of *Holland v. Florida*, 560 U.S. 631 (2010).  Under *Holland*, a petitioner is entitled to equitable tolling of the habeas statute of limitations if he proves (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland*, 560 U.S. at 649.  The bar to equitable tolling is a high one.  "Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).  The constraining external circumstance must be something "extraordinary," *id*., such as "egregious attorney misconduct," *Holland*, 560 U.S. at 634, or the movant's "profound mental incapacity," *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).

**III.**

Under 28 U.S.C. § 2243, "the district court has a duty to screen out a habeas corpus petition which is meritless on its face." *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 Proceedings, Rule 4. Henry's claims appear to be unexhausted and untimely filed. The undersigned therefore **RECOMMENDS** that Henry's habeas petition be **DISMISSED** upon initial review and his "Motion for Relief of Judgment" (D.E. 10) be **DENIED**.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2254 proceedings. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the record is clear that Henry's claims are untimely and unexhausted. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

**IT IS HEREBY ORDERED THAT** Henry's motion to proceed *in forma pauperis* (D.E. 8) is **GRANTED.**

Any objection to, or argument against, denial of the § 2254 motion must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28

U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 27th day of December, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge